**SYNTEX (U.S.A.) LLC and Allergan, Inc., Plaintiffs–Appellees,**

v.

**APOTEX, INC., Apotex Corp., and Novex Pharma, Defendants–Appellants.**

No. 06–1086.

United States Court of Appeals, Federal Circuit.

. Dec. 15, 2005.

Before CLEVENGER, GAJARSA, and PROST, Circuit Judges.

ON MOTION

GAJARSA, Circuit Judge.

*ORDER*

Apotex, Inc. et al. (Apotex) move for a stay, pending appeal, of the order issued by the United States District Court for the Northern District of California denying its motion to vacate an injunction. Syntex (U.S.A.) LLC and Allergan, Inc. (Syntex) oppose. Apotex replies.

In an earlier appeal, 04–1252, Apotex sought review of the district court's judgment that it infringed Syntex's patent and that the patent was not invalid. We affirmed the infringement determination but reversed and remanded concerning the district court's determination regarding obviousness. *Syntex (U.S.A.) LLC v. Apotex, Inc.,* 407 F.3d 1371 (Fed.Cir.2005). On remand, Apotex moved to vacate the injunction on the ground that the district court's determination that the patent was not invalid had been reversed. The district court denied the motion without making any new ruling on obviousness.

Apotex argues that the district court erred in allowing the injunction to remain in place after we reversed the district court's determination regarding obviousness. We agree. When this court reversed the district court's determination regarding obviousness, there was no final determination regarding obviousness and thus there was no basis for a continuation of the permanent injunction. Although the district court could consider whether to issue a preliminary injunction, Syntex apparently did not move for a preliminary injunction and the district court did not consider the matter or whether Syntex was likely to succeed on the invalidity issue, a necessary determination before issuing a preliminary injunction.

Fed.R.Civ.P. 52(a) states:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds for its action.

In *Nutrition 21 v. United States,* 930 F.2d 867, 869 (Fed.Cir.1991), we reviewed the sufficiency of a preliminary injunction and stated:

> Sufficient factual findings on the material issues are necessary to allow this court to have a basis for meaningful review.... Otherwise, this court has no basis for evaluating what facts entered into the district court's analysis or whether the district court's reasoning comports with the applicable legal standard. [Citations omitted.]

*See also Atlantic Thermoplastics Co., Inc. v. Faytex Corporation,* 970 F.2d 834, 837 (Fed.Cir.1992) (district court's conclusory statements were not sufficient to satisfy Fed.R.Civ.P. 52(a)); *Transmatic, Inc. v. Gulton Industries, Inc.,* 53 F.3d 1270, 1276 (Fed.Cir.1995) ("although the district court need not make elaborate findings on every factual issue raised, it must find and specify as many subsidiary facts as necessary to inform the reviewing court of the steps by which it determined factual issues and reached its ultimate conclusions").

We have considered Syntex's other arguments but remain convinced that the district court must comply with Fed. R.Civ.P. 52 before an injunction can be issued. Thus, the permanent injunction is vacated, because we previously reversed the district court's rulings on obviousness, and we vacate the order denying Apotex's motion to vacate the injunction. Apotex may of course move for a new preliminary injunction accompanied by adequate findings and conclusions, and the district court can consider such a motion.

Accordingly,

IT IS ORDERED THAT:

(1) The district court's injunction and the October 26, 2005 order are vacated.

(2) The motion to stay the district court's order is moot.